UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-793-F

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, and GREAT NORTHERN INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> SOUTHERN LITHOPLATE, INC., SPECTRATECH INTERNATIONAL, INC., and SAM T. ADAMS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| SOUTHERN LITHOPLATE, INC., SPECTRATECH INTERNATIONAL, INC., and SAM T. ADAMS, <br><br> Counterclaim and Third-Party Plaintiffs, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, GREAT NORTHERN INSURANCE COMPANY, ARROWOOD INDEMNITY COMPANY, WAUSAU UNDERWRITERS INSURANCE COMPANY, WAUSAU BUSINESS INSURANCE COMPANY, LIBERTY INSURANCE CORPORATION, and TRAVELERS INSURANCE COMPANY <br><br> Counterclaim and Third-Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER**

This matter is before the court on Third-Party Defendants Wausau Underwriters Insurance Company, Wausau Business Insurance Company, and Liberty Insurance Corporation (hereinafter, "Liberty Insurance Parties" or "Liberty Parties")'s Motion to Stay Discovery [DE-55]. The motion has been fully briefed and is ripe of disposition. The Liberty Insurance Parties

request that the court stay discovery pending resolution of its Motion to Dismiss all third-party claims asserted against them. For the reasons that follow, the motion is DENIED.

## FACTUAL AND PROCEDURAL BACKGROUND

This case is an insurance dispute relating to an environmental contamination lawsuit filed against Defendants Southern Lithoplate, Spectratech, and Sam Adams in West Virginia state court. Upon receiving notice of the West Virginia lawsuit, Defendants notified their insurance providers, Plaintiffs Federal Insurance Company and Great Northern Insurance Company, and requested Plaintiffs assume their legal defense. Plaintiffs did so, but under a reservation of rights clause in the insurance contract that allows Plaintiffs to reserve the right to deny coverage under the policy. Plaintiffs now seek a declaratory judgment that the insurance policies provide no coverage for environmental claims and that Plaintiffs have no duty to defend Defendants in the West Virginia action.

Defendants have filed their Answer and a Third-Party Complaint [DE-24] against the Liberty Insurance Parties. In short, Defendants seek a declaratory judgment that the Liberty Insurance Parties provided insurance to Defendants at the time of the alleged contamination and therefore owe the Defendants a duty to defend the environmental lawsuit and to indemnify Defendants in the event they are found liable. Defendants/Third-Party Plaintiffs also assert claims for breach of contract and unfair and deceptive trade practices against the Liberty Insurance Parties based on the Liberty Insurance Parties' alleged refusal to provide a defense in the West Virginia action.

The Liberty Insurance Parties have filed a Motion to Dismiss [DE-47] the Third-Party Complaint and a Motion to Stay [DE-55] discovery pending resolution of the motion to dismiss. Defendants oppose both motions.[1]

**ANALYSIS**

The court has broad discretion to stay discovery pending resolution of a motion to dismiss. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Motions to stay are generally disfavored because delaying discovery may cause case management problems as the case progresses. *Simpson v. Speciality Retail Concepts*, 121 F.R.D. 261, 263 (M.D.N.C. 1988); *Kron Medical Corp v. Groth*,119 F.R.D. 636, 638 (M.D.N.C. 1988). The moving party bears the burden of showing good cause and reasonableness for a stay pending discovery. *Simpson*, 121 F.R.D. at 263.

Here, the Liberty Insurance Parties argue that a stay is warranted because the relative burden of completing discovery, in terms of both time and financial cost, weighs heavier on the Liberty Parties.[2] However, even assuming that discovery would be more burdensome on the Liberty Parties in this case, countervailing considerations convince the court that discovery should not be stayed in this case. This is a complex, multi-party insurance declaratory judgment action, which also involves claims for breach of contract and unfair and deceptive trade practices. If the court stays discovery as to the Liberty Insurance Parties, and discovery proceeds as to all

---

[1] The court will address the motion to dismiss in a subsequent order.

[2] Liberty also argues that a stay is warranted because its motion to dismiss turns on a purely legal question, and if allowed, it will dispose of all the claims against the Liberty parties. The court is not persuaded by these arguments. Practically every motion to dismiss the court considers turns on purely legal questions and seeks dismissal of all claims against a party. If this were a sufficient reason to stay discovery, the court would have to stay discovery in nearly every case in which a party files a motion to dismiss pursuant to Rule 12(b)(6).

3

the other parties, the case will be in a posture in which deadlines for dispositive motions and other matters will be different depending on the claim and/or party involved in the motion. This could potentially create case management problems for the court as well as problems for the remaining parties, who would likely prefer to brief and argue all dispositive motions at the same time.

The court, in its discretion, finds that good cause does not exist to stay discovery in this case. Accordingly, the Liberty Insurance Parties' motion to stay discovery [DE-55] is DENIED.

SO ORDERED.

This the 8th day of August, 2013.

JAMES C. FOX
Senior United States District Judge